```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| ANTHONY CANTERNA and PATRICIA CANTERNA | |
| | Civil Action No. 03-1783 |
| Plaintiffs, | |
| v. | Judge David S. Cercone/ |
| | Magistrate Judge Ila Jeanne Sensenich |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, | |
| Defendant. | Re: Doc. # 67 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is recommended that Defendant's Motion for Summary Judgment be granted.

### II.   REPORT

This is an action against the United States for a refund of income tax and interest paid for the year ending in 1986. Plaintiffs Anthony and Patricia Canterna ("Plaintiffs") commenced this action on November 20, 2003 to recover a refund of income tax and interest they paid as a result of a disallowance of losses claimed in 1986 by Quartet Films Associates, a partnership in which they had an interest.

**A. <u>Background</u>**

On May 8, 2003, Defendant filed its original Motion for Summary Judgment on three separate grounds. First, Defendant contended that Plaintiffs' action was barred by the doctrine of *res judicata*; second, that Plaintiffs received the Notice of Beginning of an Administrative Proceeding ("NBAP"), and the Notice of Final Partnership Administrative Adjustment ("FPAA") contrary to their argument that they did not receive them; third, that 26 U.S.C. § 7422(h) prohibited the adjudication of cases involving the separate tax liability of partners in a partnership.

In response, Plaintiffs argued that, as greater than 1% interest holders in Quartet Films Associates, they were entitled to two notices. They argued further that there was a material question of fact as to whether the Service's notices were actually mailed. Additionally, they argued that the doctrine of *res judicata* did not apply to the prior proceeding because they could elect to treat their partnership share as non-partnership items. Based on that election, they also argued that their action was not barred by sovereign immunity.

On May 27, 2005, a Report and Recommendation was filed, recommending that Defendant's Motion for Summary Judgment be denied because Defendant had not demonstrated that notice of the FPAA or NBAP had been mailed, and thus a genuine issue of fact

existed as to whether Section 7422(h) operated as a bar to Plaintiffs' action, or whether Plaintiffs' complaint was barred by *res judicata*. (Doc. # 26.) The Report and Recommendation was adopted as the opinion of the Court. (Doc. # 27.)

On July 8, 2005, an order was entered granting Defendant's motion to reopen discovery for a period of 60 days for the limited purpose of determining whether Plaintiffs had received notice. At the conclusion of this limited period of discovery, Defendant filed a second Motion for Summary Judgement. (Doc. # 67.) This motion reasserts the same arguments for summary judgment as its original motion, but includes new evidence that it mailed the notices to Plaintiffs.

Plaintiffs respond that the sole issue is whether Defendant provided them with proper notice. Plaintiffs concede that the IRS has demonstrated that the FPAA was mailed, but they argue that Defendant has not provided evidence that the NBAP was mailed. Thus, Plaintiffs argue that Defendant has not demonstrated full compliance with Section 6223(a), and thus its motion for summary judgment should be denied.

B.  **Material Facts**[1]

Plaintiffs Anthony and Patricia Canterna invested in a

---

[1] Taken from Defendant's Statement of Material Facts, and Plaintiffs' Response thereto. (See Doc. # 67 ex. 11 and Doc. # 72.) These facts are undisputed unless otherwise noted.

partnership known as Quartet Films Associates.  Plaintiffs received a Form K-1 from Quartet for the tax year 1986. The K-1 was correctly addressed to them at RD #3 Box 32K, Washington, PA 15301. Plaintiffs timely filed a joint Federal Income Tax Return reporting their share of partnership items of income and loss.

There is a factual dispute as to whether the Internal Revenue Service ("Service" or "IRS") generated a Notice of Beginning of an Administrative Proceeding ("NBAP") for the 1986 tax year. Plaintiffs deny they received it. It is not disputed that the Service mailed Plaintiffs a Notice of Final Partnership Administrative Adjustment ("FPAA") for the 1986 tax year on October 29, 1990.  This is reflected in the IRS's Certified Mail Listing. However, Plaintiffs deny that they received this Notice as well.

On December 24, 1990, Quartet, through its tax matters partner, filed a timely Tax Court petition, challenging the FPAA. On September 22, 1999, the Tax Court entered a decision, pursuant to a settlement reached by the Partnership and the Service, in which 50% of the losses claimed by Quartet Films Associates for the 1986 tax year were disallowed.  On September 20, 2000, the Service notified Plaintiffs that certain losses taken for 1986 pertaining to the Partnership were disallowed and demanded payment of $76,780.00 in tax.  On October 23, 2000, the Service notified Plaintiffs of interest charged as a result of the disallowance.  In November, Plaintiffs informally requested that

interest on the assessment be forgiven, and this request was denied.

On February 7, 2001, Plaintiffs paid the outstanding balance of tax and interest due in full. On September 17, 2002, Plaintiffs filed an amended return seeking a refund for the additional federal income taxes they paid as a result of the Tax Court's decision. Plaintiffs filed the instant action on November 20, 2003 to recover a refund of the tax and interest they paid as a result of the disallowance.

### C.  **Rule 56(c) Summary Judgment Standard**

Summary judgment is appropriate if, resolving all inferences and doubts in favor of the non-movant, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact.  An issue is genuine only if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty-Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### D.  Discussion

Defendant's current Motion for Summary Judgment presents the same arguments it presented to this Court in its original motion for summary judgment. The only difference is that Plaintiffs agree that the discovery produced establishes that the FPAA was mailed. (See Doc. # 71 at 4.) Defendant argues that it has established that the NBAP was also mailed, and further argues that even if it had not been mailed, the FPAA is sufficient notice. Based on its position that it provided proper notice, Defendant renews the three arguments it raised in its original motion for summary judgment. First, it argues that the instant case is barred by the final judgment entered by the Tax Court under the doctrine of *res judicata*. Second, it argues that Section 6223(c) requires only that the Service *send* notice of a

partnership proceeding, and Plaintiffs' claim that they did not *receive* it is irrelevant.[2] Third, Defendant argues that Section 7422(h) prohibits the adjudication of cases involving separate tax liability of partners in a partnership.

1.     **Statutory Scheme**

Through the enactment of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, 96 Stat. 324, codified at 26 U.S.C. §§ 6221-33 ("TEFRA"), Congress established a statutory framework for the administrative and judicial review of partnership returns.  Under TEFRA, the Internal Revenue Service may begin a partnership-level audit through a unified proceeding at the partnership level to determine the tax treatment of "partnership items" rather than initiating separate and individualized proceedings for each partner. I.R.C. § 6221; see also *Slovacek v. United States*, 36 Fed. Cl. 250, 254 (1996). A "partnership item" is any item that must be taken into account for the partnership's tax year, to the extent the regulations provide the item is more appropriately determined at the partnership level than at the partner level.  I.R.C. § 6231(a)(3).  Examples of partnership items are income, gain, loss (such as net operating loss), and deductions or credits, as well

---

[2] Plaintiffs do not respond to this argument, and seem to have abandoned this claim.

as any item that affects the computation of partnership taxable income, such as the method of accounting, the partnership's inventory method, or the characterization of partnership property.  Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i); Treas. Reg. § 301.6231(a)(3)-1(b).

The Code provides that partnership partners are considered to be parties to a challenge brought under Section 6226(a) or (b).  I.R.C. § 6226(c). The partners are therefore bound by any decision rendered by the appropriate court.  Further, partners are bound by a settlement agreement entered into between the tax matters partner and the IRS with respect to the determination of partnership items.  I.R.C. § 6224(c)(1).[3] Internal Revenue Code Section 6223 provides the notice procedures related to any TEFRA proceedings.  I.R.C. § 6223.  Under these procedures, the IRS must send <u>both</u> notice of the beginning of an administrative proceeding ("NBAP") and of the final partnership administrative

---

[3] 26 U.S.C. § 6224(c)(1) provides in pertinent part:

> Settlement agreement. In the absence of a showing of fraud, malfeasance, or misrepresentation of fact –
>
> (1) Binds all parties. A settlement agreement between the Secretary or the Attorney General (or his delegate) and 1 or more partners in a partnership with respect to the determination of partnership items for any partnership taxable year shall (except as otherwise provided in such agreement) be binding on all parties to such agreement with respect to the determination of partnership items for such partnership taxable year.

adjustment ("FPAA") to each notice partner.[4]  I.R.C. § 6223(a). If the Service fails to mail either the NBAP or the FPAA to a notice partner within the proper period, Section 6223(e) provides that partner with potential remedies.

Section 6223 (e) has two specific subsections. Subsection (e)(2) applies if notice is given after the proceeding is complete, and Subsection (e)(3) applies if notice is given before the proceeding is complete. Subsection (e)(2) provides that if at the time of the mailing of the notice a final decision has been rendered or that the period to petition for review of the FPAA has expired the partner who did not receive proper notice can elect to have the decision, adjustment or settlement in the proceeding apply to him or her. I.R.C. § (e)(2). However, "[i]f the partner does not make an election under the preceding sentence, the partnership items of the partner for the partnership taxable year to which the proceeding relates shall be treated as nonpartnership items." I.R.C. § 6223 (e)(2)(B).

Alternatively, if notice is given before the proceeding is complete Subsection (e)(3) applies. Subsection (e)(3) provides:

> (3) Proceedings still going on.--In any case to which this subsection applies, if paragraph (2) does not apply, <u>the partner shall be a party to the proceeding unless such partner elects</u>--

---

[4] Section 6231(a)(8) defines the term notice partner as "a partner who, at the time in question, would be entitled to notice under [26 U.S.C. § 6223(a)] (determined without regard to subsections (b)(2) and (e)(1)(B) thereof)." Plaintiffs are notice partners.

>     (A) to have a settlement agreement described
>     in paragraph (2) of section 6224(c) with
>     respect to the partnership taxable year to
>     which the proceeding relates apply to the
>     partner, or
>     (B) to have the partnership items of the
>     partner for the partnership taxable year to
>     which the proceeding relates treated as
>     nonpartnership items.

26 U.S.C. § 6223(e)(2)(emphasis added).  Thus, if the partner fails to elect to have the partnership items treated as nonpartnership items, the partner is bound by the outcome of the proceedings.

## 2. **Application of Section 6223**

The very narrow issue to be explored in this second motion for summary judgment is whether Plaintiffs were parties to the Tax Court proceeding. If both the NBAP and the FPAA were mailed, Plaintiffs would be parties to the Tax Court proceeding. Although Plaintiffs contest the mailing of the NBAP,[5] Plaintiffs concede that the IRS has demonstrated that the FPAA was mailed. (See Doc. # 71 at 4.) Assuming that the NBAP was not mailed, Plaintiffs would still be parties to the proceeding under 26 U.S.C. Sec. 6223(e)(3) if the FPAA was mailed before the proceeding was closed, and Plaintiffs failed to affirmatively elect to treat the

---

[5] Defendant has produced a copy of the notice that it claims was mailed to Plaintiffs on November 20, 1998 (Gov. Ex 1B) and an answer to interrogatories in which Plaintiffs admit that the notice contained their correct address (Gov. Ex. 2), but Defendant has not produced evidence of the actual mailing.

partnership items as nonpartnership items.[6] As discussed below, Plaintiffs were parties to the Tax Court proceeding under Section 6223(e)(3) as a result of their failure to opt out of the proceedings while they were pending. As a result, this case is barred by the doctrines of claim preclusion and sovereign immunity.

Plaintiffs argue that they did not receive notice of the NBAP, they did not participate in the partnership proceeding, and therefore they may elect to treat the partnership items as non-partnership items.  (Doc. # 71 at 5.) Plaintiffs argue that under Section 6223 (e) the IRS's failure to mail the NBAP allows them to treat the partnership items as nonpartnership items. Defendant argues that there is sufficient evidence of the mailing of the NBAP to support summary judgment, but that even if this evidence is found to be insufficient, Plaintiffs are still bound by the Tax Court proceedings under Section 6223 (e)(3).

Assuming, without deciding, that the NBAP was not mailed, Section 6223 (e) would apply. Again, Subsection (e)(2) applies if notice is given after the proceeding is complete, and Subsection (e)(3) applies if notice is given before the proceeding is complete. A proceeding is complete when the period for evaluating a petition for review has expired and no petition has been filed;

---

[6] See *Camacho v. United States*, 195 B.R. 114, 116 n.1 (D. Alaska 1996).(When only notice of the FPAA was mailed, but notice was mailed before proceeding was completed, Section 6223 (e)(3) applies.)

11

or there is a final court decision regarding the petition. See 26 C.F.R. § 301.6223(e)-2(b). In this case, the parties do not dispute that the Certified Mail Listing of the IRS reflects that the FPAA was mailed on October 29, 1990. (Statement of Facts, Doc. #67 at ¶ 28; Responsive Statement of Facts, Doc. # 72 at ¶ 28.) The parties agree that Quartet, through its tax matters partner, timely challenged the FPAA by filing a petition with the Tax Court on December 24, 1990. (Docs. #67 at ¶ 13 and # 72 at ¶ 13.) The parties also agree that the Tax Court entered a decision pursuant to a settlement on September 22, 1999. (Docs. #67 at ¶ 14 and # 72 at ¶ 14.) Therefore, the proceeding was not complete when the FPAA was mailed because a timely petition was filed by the tax matters partner after the FPAA was mailed to Plaintiffs, and because this proceeding was complete only after the final Tax Court decision was issued on September 22, 1999. Thus, because the FPAA was mailed before the proceeding was final, Subsection(e)(2) does not apply. Section 6223(e)(3) provides that:

> (3) Proceedings still going on.--In any case to which this subsection applies, if paragraph (2) does not apply, the partner *shall be a party to the proceeding unless such partner elects*--
> (A) to have a settlement agreement described in paragraph (2) of section 6224(c) with respect to the partnership taxable year to which the proceeding relates apply to the partner, or
> (B) to have the partnership items of the partner for the partnership taxable year to which the proceeding relates treated as nonpartnership items.

12

26 U.S.C. § 6223(e)(3). The fundamental difference between Subsections (e)(2) and (e)(3) is the outcome when a partner fails to make an election. Subsection (e)(2) allows a party to treat partnership items as nonpartnership items if they fail to make an election under its provisions. The opposite is true under Subsection(e)(3), because a party's failure to make an election under its provisions makes them parties to the ongoing proceeding.

    Plaintiffs have not presented any evidence that they made an election as required under Subsection (e)(3). See 26 C.F.R. § 301.6223(e)-2T, and  26 C.F.R. § 301.6223(e)-2 (To make the election a statement with specific contents must be filed with the IRS within 45 days of the mailing of the FPAA.). There is no evidence, or even an argument, that Plaintiffs elected to treat the partnership items as nonpartnership items while the Tax Court decision was pending. In fact, the parties agree that Plaintiffs paid the assessed tax and interest in full. (Docs. # 67 at ¶ 19; # 72 at ¶ 19.) Only after the payment in accordance with the Tax Court decision did Plaintiffs seek a refund, and begin this litigation. (Docs. # 67 at ¶¶ 20-21; # 72 at ¶¶ 20-21.) Thus, Plaintiffs were parties to the proceeding because they did not make an election as required by Section 6223(e)(3).

3.  **The Doctrine of *Res Judicata*** 

It is well-settled that the doctrine of claim preclusion applies in the context of income tax cases, and applies to consent judgments. *United States v. International Bldg. Co.*, 345 U.S. 502, 506 (1953); *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591 (1948). "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984); *see also* 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4402 (2002).[7]  The Supreme Court has explained that "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year." *Sunnen*, 333 U.S. at 598.

To establish claim preclusion, the following requirements must be present: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Tripi v. United States*, 1997 U.S. Dist. LEXIS 4721 *7

---

[7] On the other hand, "[i]ssue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra*, 465 U.S. at 77 n.1.

(W.D. Pa. 1997), citing *Bd. of Tr. of Trucking Emp. Pension Fund v. Centra*, 983 F.2d 495, 503 (3d Cir. 1992).

The parties do not contest that the facts of this case warrant the application of the doctrine. Plaintiffs are bound to the Tax Court decision because they are parties to the proceeding. See I.R.C. § 6226(c). The decision of the Tax Court, even if a consent judgment, is a final judgment on the merits for claim preclusion purposes. See *United States v. International Building Co.*, 345 U.S. 502 (1953). Finally, this suit seeks a refund of the tax assessment, and thus is based upon the same cause of action.

Thus, it is recommended that Defendant's Motion for Summary Judgment be granted because this case is precluded by the doctrine of *res judicata* (claim preclusion).

### 4. **26 U.S.C. § 7422(h)** (Sovereign Immunity)

Defendant also argues that the instant action is barred by Section 7422(h) which provides that "[n]o action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3) [I.R.C. § 6231(a)(3)]) except as provided in section 6228(b) [I.R.C. § 6228(b)] or section 6230(c) [I.R.C. § 6230(c)]." Therefore, Plaintiffs' suit can only survive summary judgment if their claims fall into one of the exceptions or if the items in question have been converted to non-partnership

items.

Plaintiffs argue that Section 7422(h) does not apply to them because Defendant's failure to send them notice of the NBAP authorizes them to elect to treat partnership items as non-partnership items under Section 6223(e)(2). However, as previously discussed, Plaintiffs received the FPAA before the proceeding was complete. As a result of this finding, Plaintiffs had to make an election under Section 6223 (e)(3) in order to avoid being parties to the Tax Court proceeding. There is no evidence that an election was made, and thus Plaintiffs were parties to the Tax Court proceedings. Section 7422(h) prohibits suits for refunds of partnership items.[8] Therefore, Plaintiffs claims are barred under the doctrine of sovereign immunity under Section 7422(h).

III. **CONCLUSION**

For the foregoing reasons, it is recommended that Defendant's Motion for Summary Judgment be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the

---

[8] Except in specific circumstances which are not presented in this case.

date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

						*/s/ Ila Jeanne Sensenich*
						ILA JEANNE SENSENICH
						U.S. Magistrate Judge


Dated: August 22, 2006


cc:	The Honorable David S. Cercone
	United States District Judge

	Roderick Flynn Coleman, Esq.
	COLEMAN & ASSOCIATES
	120 East Palmetto Park Road
	Suite 150
	Boca Raton, FL 33432

	Dara B. Oliphant, Esq.
	UNITED STATES DEPARTMENT OF JUSTICE
	Tax Division
	Ben Franklin Station
	P.O. Box 227
	Washington, DC 20044

	Albert W. Schollaert
	UNITED STATES ATTORNEY'S OFFICE
	700 Grant Street, Suite 400
	Pittsburgh, PA 15219